(96 App. Div. 406.)

### McDONALD v. MORSE.

(Supreme Court, Appellate Division, First Department.  July 13, 1904.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL—DECEIT.

> Where, in an action for deceit against the president of a corporation, in falsely representing to plaintiff, a stockholder, that the corporation earned and was earning dividends paid and about to be declared, plaintiff alleged that the dividends were paid out of the capital, and, on information and belief, that defendant had organized the corporation with over \$15,-000,000 capital stock, which had been issued for property owned by defendant worth not to exceed \$800,000, and had not been able to earn 1½ per cent. quarterly dividends which had been paid on the preferred stock, and that plaintiff was not familiar with the terms of the contracts by which the stock was issued for the property, and was unable to prove the same, except by an examination of the defendant, the corporation not being a party to the action, plaintiff was entitled to an order for defendant's examination before trial, in order to prove such overcapitalization, and that defendant had knowledge that dividends had not been earned, but had been paid from capital.

Appeal from Special Term, New York County.

Action by John E. McDonald against Charles W. Morse. From an order granting defendant's motion to vacate an order for defendant's examination before trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and LAUGHLIN, JJ.

John M. Bowers, for appellant.
Samuel Untermyer, for respondent.

LAUGHLIN, J.  This is a common-law action for deceit. The plaintiff alleges that in March, 1900, he was the owner of a large block of preferred and common stock in the American Ice Company, a New Jersey corporation, of which the defendant was president,.

the par value of each share being $100; that the selling price in the open market of the preferred stock was then $77 per share, and the common stock was $40 per share; that the defendant was familiar with the affairs of the corporation, and owned considerable stock therein; that in October, 1899, and quarterly thereafter until and including April, 1902, the directors declared and paid a dividend of 1½ per cent. on the preferred stock, and in November, 1899, and quarterly thereafter, until and including February, 1902, a dividend of 1 per cent. on the common stock; upon information and belief, that said dividends were not paid out of the net earnings of the corporation, but out of the capital, and that the net earnings did not equal the dividends—all to the knowledge of the defendant. The plaintiff further alleges that on or about the 12th day of March, 1900, he contemplated sailing for Europe, and was about to sell his stock in the open market at the market prices stated, whereupon the defendant falsely and fraudulently represented to him that the company was earning net earnings in excess of the amount of dividends paid, and that it had earned the dividends theretofore paid, and said dividends were paid out of the net earnings, and that the company was about to declare other dividends out of net earnings; that defendant further falsely and fraudulently represented that he would notify plaintiff when he was about to sell his own stock, so that the plaintiff might sell out at or about the same time; that the plaintiff relied upon said representations, and was induced thereby to refrain from selling, and did refrain from selling, his stock; that said representations were false, to the knowledge of the defendant at the time they were made, and were made for the purpose of cheating and defrauding the plaintiff, and inducing him to retain his stock, and refrain from selling the same, in order that the defendant might first sell his own stock; that the defendant did sell his stock, or a large portion thereof, without notifying plaintiff, and before plaintiff sold his stock; and that, after the defendant made the false representations, the stock declined in value, to the plaintiff's damage in the sum of $200,000. The answer put in issue the allegations of the complaint to the effect that the dividends were not earned by the corporation, but were paid out of its capital, and that this was known to the defendant, and those charging him with false and fraudulent representations. The plaintiff further shows by affidavit that the dividends were not earned by the company, but were paid out of the capital, and charges, upon information and belief—giving the sources of his information and the grounds of his belief, which are sufficient in that regard—in effect, that the corporation was organized by the defendant in the year 1899; that over $15,000,000 of the capital stock was issued for property owned by the defendant, worth not to exceed the sum of $800,000; that the plaintiff is not familiar with the terms of the contracts by which the stock was issued for said property, and is unable to prove the same, except by an examination of the defendant; that the examination is desired for the purpose of proving these facts, and of showing the defendant's knowledge that the dividends were not earned by the corporation, or paid out of its earnings.

It is claimed on the part of the respondent that it is not material to the issues whether the capital stock of the corporation was issued for full value, or for property worth only a small percentage of the par value of the stock, and that whether the dividends were paid from the dividends of the corporation, or not, may be readily shown by its books, with knowledge of which the defendant, as its president, would be chargeable without other proof. It is to be borne in mind that the corporation is not a party to the action, and its books would not be evidence of knowledge on the part of the defendant of their contents, without further evidence connecting him with the entries, or showing knowledge thereof on his part. It will be necessary for the plaintiff to show not only that the representations were false, but that the defendant made them, knowing their falsity. It will be incumbent on the plaintiff to prove facts and circumstances showing that the dividends were not earned, but were paid out of the capital, and that defendant knew these facts when he made the representations. Upon that issue the evidence sought to be obtained will be material, for, if the defendant was instrumental in organizing the corporation, and, through directors acting for him, procured the purchase for his own benefit of property of little value, for which the principal capital stock was issued, it will be a reasonable inference that he knew or should have known that the corporation did not and could not earn dividends of the amount stated upon the entire capital stock outstanding.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion denied with $10 costs. All concur.